UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NORTHEAST CONTAMINATED
BEEF PRODUCTS LIABILITY LITIGATION                                  MDL No. 2346


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Fairbank Reconstruction Corp. (Fairbank) has moved to centralize this litigation in the District of Maine. The motion encompasses three actions, as listed on Schedule A. Plaintiffs in the District of Connecticut *Cannella* action and the District of Maine action support the motion. Defendant Greater Omaha Packing Co., Inc. (GOPAC) opposes centralization and, alternatively, suggests selection of the District of Connecticut as the transferee district.

After considering all argument of counsel, we will deny the motion. Although these actions share some background factual issues concerning the September 2009 outbreak of *E. coli* contamination in ground beef produced by Fairbank, movants have failed to convince us that those issues contain significant overlapping questions of fact sufficient to warrant centralization of the few involved actions. Individualized issues of causation concerning each plaintiff's injuries appear to predominate among the actions, in addition to a narrow common legal issue regarding the preclusive effect of a prior jury verdict. Additionally, the likelihood that additional actions will be filed concerning this *E. coli* outbreak – which occurred nearly two and a half years ago and affected under 30 individuals – seems low. With only three actions pending in two adjacent districts involved in this litigation, movant has failed to convince us that centralization is needed. *See In re Transocean Ltd. Secs. Litig.*, 753 F.Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

Plaintiffs in two actions are represented by common counsel. Similarly, movants and GOPAC are represented by common counsel in these actions. In these circumstances, informal cooperation among the involved attorneys and courts is both practicable and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F.Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).

---

[*] Judge John G. Heyburn II took no part in the disposition of this matter.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer

IN RE: NORTHEAST CONTAMINATED
BEEF PRODUCTS LIABILITY LITIGATION                                MDL No. 2346

## SCHEDULE A

### District of Connecticut

Louann Cannella, et al. v. Fairbank Reconstruction Corp., et al., C.A. No. 3:11-01396
Rachel Campanelli, et al. v. Greater Omaha Packing Company, Inc., et al.,
    C.A. No. 3:11-01618

### District of Maine

Emmie Jones v. Fairbank Reconstruction Corp., et al., C.A. No. 2:11-00437